**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| PAUL ANTWINE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-09-2928 |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

In this employment discrimination lawsuit, plaintiff Paul Antwine has sued his employer, the Texas Department of Criminal Justice, alleging that he was fired based on race and retaliation for making complaints about racial discrimination; that he was subsequently reinstated; and that after his reinstatement, he was demoted in retaliation for filing a complaint.  Antwine sued under 42 U.S.C. § 1983 as well as 42 U.S.C. § 2000e, *et seq*.  The defendant, TDCJ, moved for summary judgment on the Title VII claim based on Antwine's failure to file his EEOC complaint within 300 days after he was fired and his failure to file this lawsuit within 90 days after he received the EEOC right-to-sue letter.  (Docket Entry No. 7).  Antwine has not filed a response.  Based on a careful review of the pleadings; the motion; and the applicable law, this court grants the motion for summary judgment as to the Title VII claim.  The reasons are set out below.

I.      **Background**

Antwine is African-American.  He alleged in his complaint that in 2007, after working for TDJC for more than 20 years, he was "falsely accused of a charge" and fired.  The charges against

him were dismissed and he was reinstated and them demoted.  Antwine alleged that he had fulfilled the "conditions precedent to jurisdiction" by filing a discrimination charge with the EEOC within 300 days of "the acts complained of" and had sued within 90 days of his "receipt of the [EEOC's] issuance of a right to sue letter."  (Docket Entry No. 1 at 2).  Antwine did not attach a copy of his EEOC charge or right-to-sue letter to the complaint.

In its motion for summary judgment, the TDCJ submitted copies of both the EEOC charge and the right-to-sue letter.  The documents show that Antwine signed his EEOC charge on March 20, 2009.  He checked the boxes for race and retaliation discrimination for the earliest date of January 7, 2008 to the latest date of March 21, 2008 and did not check the box for "continuing action."  The EEOC's right to sue letter was dated May 27, 2009.  The TDCJ was also sent a letter. It was date-stamped as received on June 1, 2009.

## II.    The Legal Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf*, *Inc. v. Nike*, *Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *See Celotex*, 477 U.S. at 325.  While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402

F.3d 536, 540 (5th Cir. 2005) (citation omitted).  "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law."  *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir.  2009) (quotation omitted).  "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response."  *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings.  The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim.  *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir.  2007).  "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'"  *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075).  In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party.  *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

## III.   Analysis

Under Title VII, it is unlawful for any employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to . . . compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or  national origin."  42 U.S.C. § 2000e-2(a)(1).  Before an individual can pursue a Title VII claim in federal court,  he must first exhaust his available administrative remedies.  *See Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378-79 (5th Cir.2002).  Exhaustion occurs when an individual

files a timely complaint with the EEOC, his claim is dismissed by that agency, and the agency informs him of his right to sue in federal court. *Id.* at 379.

Title VII requires aggrieved parties to file charges of discrimination with the EEOC within 180 days after the alleged unlawful employment practice occurred.  42 U.S.C. § 2000e-5(e).  Because Texas has a state agency for civil rights complaints, the Texas Commission on Human Rights, it is a "deferral state" in which Title VII extends the charge filing period for discrimination claims to 300 days.  42 U.S.C. § 2000e-5(e)(1); *Blumberg v. HCA Management*, 848 F.2d 642, 645 (5th Cir. 1988).  Compliance with the 300-day charge filing period is not a prerequisite to federal subject matter jurisdiction, but is a statute of limitations subject to equitable tolling.  *Zipes v. Trans World Airlines*, 455 U.S. 385, 393, 102 S. Ct. 1127 (1982).  Dismissal of claims is proper if the plaintiff fails to plead facts that, if proven, would show that he timely filed an administrative charge with the EEOC.  *Crawford v. Western Electric*, 614 F.2d 1300, 1306 (5th Cir. 1980).  Once the EEOC has issued a right-to-sue letter, an individual has ninety days in which to file a civil action in federal court. 42 U.S.C. § 2000e-5(f)(1). "This requirement to file a lawsuit within the ninety-day limitation period is strictly construed." *Taylor,* 296 F.3d at 379.

Antwine's EEOC charge states that he is complaining about conduct that occurred from January 7, 2008 to March 21, 2008.  He signed that charge on March 20, 2009.  Three hundred days before March 20, 2009 is May 24, 2008.  To be timely for acts occurring on March 21, 2008, the last date alleged, Antwine had to file his EEOC charge on or before January 15, 2009.  He failed to do so.  He has failed to identify any basis for equitable tolling of this deadline.

4

Antwine's right-to-sue letter issued on May 27, 2009.  TDCJ's human resources division received it on June 1, 2009.  Using that date, Antwine had to file his lawsuit on or before August 31, 2009.  He filed the suit on September 9, 2009.

Antwine failed to meet both deadlines necessary for timely filing his Title VII lawsuit.  The TDCJ's motion for summary judgment is granted as to that claim.

SIGNED on June 1, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge