IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAUL ANTWINE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-09-2928 |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

In this employment discrimination lawsuit, plaintiff Paul Antwine sued his employer, the Texas Department of Criminal Justice, alleging that he was fired based on race and retaliation for making complaints about racial discrimination; that he was subsequently reinstated; and that after his reinstatement, he was demoted in retaliation for filing a complaint. Antwine sued under 42 U.S.C. § 1983 as well as 42 U.S.C. § 2000e, *et seq*. The defendant, TDCJ, moved for summary judgment on the Title VII claim based on Antwine's failure to file his EEOC complaint within 300 days after he was fired and his failure to file this lawsuit within 90 days after he received the EEOC right-to-sue letter. (Docket Entry No. 7). Antwine did not file a response. This court granted the summary judgment motion. (Docket Entry No. 13). TDCJ then filed a supplemental motion for summary judgment as to the § 1983 claim. Antwine has again failed to respond.

Antwine's remaining claim under § 1983 fails as a matter of law. The only defendant he sued is the TDCJ, a state agency. In its supplemental summary judgment motion, TDCJ points out that any § 1983 suit against it is barred by the Eleventh Amendment of the United States

1

Constitution. Under the Eleventh Amendment, "[a]bsent waiver, neither a State nor agencies acting under its control may 'be subject to suit in federal court.'" *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144, 113 S. Ct. 684, 121 L. Ed. 2d 605 (1993) (quoting *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 480, 107 S. Ct. 2941, 97 L. Ed. 2d 389 (1987) (plurality opinion)); *see Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974). The Fifth Circuit has held that the TDCJ is a state agency that enjoys immunity from suit in federal court. *Cox v. Texas*, 354 F. App'x 901, 902–03 (5th Cir. 2009); *Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998); *see Harris v. Angelina County, Tex.*, 31 F.3d 331, 337 n.7 (5th Cir. 1994) ("Under the current state of the law, the TDCJ is deemed an instrumentality of the state operating as its alter ego in carrying out a public function of the state, and is immune from suit under the Eleventh Amendment.").

The supplemental motion for summary judgment is granted. Final judgment is entered by separate order.

SIGNED on August 3, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge